IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLY CELESTIN,

Plaintiff,

-vs-

FLORIDA METROPOLITAN UNIVERSITY,
INC.
d/b/a EVEREST UNIVERSITY ONLINE,

Defendant.
_____/

CASE NO.: *6:14-CV-1124-ORL-18-DAB*

## COMPLAINT

1.    The Plaintiff, WILLY CELESTIN, by and through the undersigned counsel, sues the Defendant, FLORIDA METROPOLITAN UNIVERSITY, INC., d/b/a EVEREST UNIVERSITY ONLINE ("EVEREST"), and in support thereof respectfully alleges the following:

2.    Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

3.    This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney's fees and costs.

4.    Jurisdiction and venue for purposes of this action are appropriate and conferred by 47 U.S.C. §227(b)(3).

5.    Venue is proper in this District because the acts and transactions and the alleged violations described herein occurred in Orange County, Florida.

## FACTS COMMON TO ALL COUNTS

6.      Plaintiff is a natural person and citizen of the State of Florida, residing in Orange County, Florida.

2.      Plaintiff is the "called party" as he was the person who received the telephone calls at issue here from Defendant on his cellular telephone. See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012). *Osorio v. State Farm Bank, FSB*, 746 F.3d 1242 (11th Cir. March 28, 2014); and *Breslow v Wells Fargo, N.A.*, 2014 WL 2565984 (11th Cir. June 9, 2014).

7.      Defendant, EVEREST, is a corporation and citizen of the State of Florida with its principal place of business located at 6 Hutton Centre Drive, Suite 400, Santa Ana, California.

8.      Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling Plaintiff's telephone number, (407) 758-0517, several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

9.      Upon information and belief, some, or all, of the calls the Defendant made to the Plaintiff were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or a system using an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C §227(a)(1) (hereinafter "autodialer" calls).

10.     Each autodialer call the Defendant made to the Plaintiff's cellular telephone number was done so without the "prior express consent" of the Plaintiff.

11.     In approximately March, 2014, Plaintiff was applying online for loans and as he was applying for the loans he filled out several applications with online loan companies but was

2

denied any loans; however, Plaintiff began receiving calls, including autodialer calls, from Defendant's agents and representatives attempting to get Plaintiff to apply for their online schooling. Plaintiff repeatedly told Defendant's representatives from the very first call he received on approximately April 1, 2014, and several more times after that date, that he was not interested and to <u>stop calling his cellular telephone number.</u>

12.     Despite informing Defendant that he was not interested in applying for further education and to stop calling Plaintiff's cell phone, the autodialer calls from Defendant to Plaintiff's cellular phone continued approximately three (3) to five (5) times a day with over fifty (50) calls from April, 2014 through approximately May 14, 2014, and perhaps thereafter. Defendant has, or should be in possession and/or control of call logs and/or account notes that detail the exact number of calls made to Plaintiff over the relevant time period. Attached hereto as **Exhibit "A"** is a list of some, but not all of the autodialer calls Plaintiff received from Defendant during just the abovementioned timeframe.

13.     On approximately April 6, 2014, Plaintiff answered one of Defendant's calls and told them to stop calling his cellular phone. Despite informing Defendant that he was not interested in their school and to stop calling his cellular telephone, Defendant continued to call Plaintiff's cellular telephone until approximately May 14, 2014.

14.     The Defendant has a corporate policy to use a dialer system to make autodialer calls, just as it did to the Plaintiff's cellular telephone in this case, with no way for the called party, or the Defendant, to remove the incorrect number.

15.     Despite actual knowledge of their wrongdoing, the Defendant continued its campaign of telephone harassment and abuse and invasion of Plaintiff's privacy.

16.     Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendant that they are not interested and to stop calling their cellular telephones.

17.     Defendant's corporate policy provided no means for the Plaintiff to have his number removed from its call list.

18.     Upon information and belief, Defendant has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call.

19.     Defendant's refusal to remove the Plaintiff's phone number from their calling lists and dialing systems, which included automated telephone dialing system calling five (5) to six (6) times a day, has caused Plaintiff's life to be disrupted by the repeated phone calls and has caused Plaintiff stress and frustration in trying to rectify Defendant's conduct and errors to no avail.

20.     Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system (including but not limited to a predictive dialer) or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

21.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

22.     Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

23.     All conditions precedent to the filing of this action have occurred.

## CAUSE OF ACTION

### COUNT I
### (Violation of the TCPA)

24.     Plaintiff incorporates Paragraphs one (1) through twenty-three (23), as if fully set forth

herein.

25.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes"

as specified in 47 U.S.C. §227(b)(1)(A).

26.     Defendant violated the TCPA with respect to its autodialer calls to Plaintiff's cellular

telephone number, and willfully and/or knowingly violated the TCPA with respect to the

Plaintiff, specifically as to all autodialer calls made by Defendant to Plaintiff's cellular telephone

after April 6, 2014.

27.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular

telephone using an automatic telephone dialing system or prerecorded or artificial voice without

Plaintiff's prior express consent in violation of federal law, including 47 U.S.C §

227(b)(1)(A)(iii).

        **WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and

judgment against Defendant for statutory damages, actual damages, treble damages, costs,

interest, and any other such relief the court may deem just and proper.

                              Respectfully submitted,


                              Michael J. Vitoria, Esquire
                              Morgan & Morgan, Tampa, P.A.
                              One Tampa City Center
                              Tampa, FL 33602
                              Tele: (813) 223-5505
                              Fax: (813) 223-5402

MVitoria@ForThePeople.com
afloyd@forthepeople.com
Florida Bar #: 0135534
Attorney for Plaintiff